**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02562-CMA-BNB

KRISTEN WOODARD, an individual, and
KEVIN WOODARD, an individual,

    Plaintiff,

v.

ICON HEALTH & FITNESS, INC., a Delaware corporation,

    Defendant.

---

**SUA SPONTE ORDER REMANDING CASE TO STATE COURT**

---

    This matter is before the Court *sua sponte* on Defendant's Notice of Removal. (Doc. # 1.) For the following reasons, the Court REMANDS the case to the District Court, City and County of Denver.

## I.  BACKGROUND

    Plaintiffs, Kristen and Kevin Woodard, filed a Complaint against Defendant, ICON Health & Fitness, Inc., in Colorado State court on August 2, 2011. (Doc. # 2.) Defendant was served with the Complaint on August 8, 2011. (Doc. # 3.) Defendant filed its Notice of Removal on September 29, 2011 (Doc. # 1), claiming diversity jurisdiction under 28 U.S.C. § 1332.

## II. **DISCUSSION**

**A. UNTIMELY REMOVAL**

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).[1] However, "[t]he notice of removal of a civil action or proceeding **shall be filed within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). This thirty-day period is mandatory, and the parties cannot extend it by consent or stipulation. *See, e.g.*, *Dial-In, Inc., v. ARO Corp.*, 620 F. Supp. 27, 29 (N.D. Ill. 1985); *cf. Casey v. Williams Production RMT Co.*, 599 F. Supp. 2d 1250, 1252 (D. Colo. 2008) (noting that requirements of § 1446(b) are not affected by state court granting defendant additional time to respond to complaint).

Here, Defendant failed to file its Notice of Removal on time. Having been served with the Complaint on August 8, 2011, Defendant had through September 7, 2011, to request removal of the case. Thus, its filing on September 29, 2011, was twenty-two days late. Nevertheless, Defendant asserts that Plaintiffs' counsel granted it an extension

---

[1] Because the Court remands this case for failure to file a timely Notice of Removal, as discussed below, it needs not reach the jurisdictional question. *See, e.g.*, *Glendening v. Genuine Parts Co., Inc.*, 960 F. Supp. 243, 244 (D. Colo. 1997) (remanding procedurally defective case, and therefore not addressing jurisdictional issue).

of time to file its "responsive pleading."  (Doc. # 1, ¶ 5.)  Defendant does not assert that Plaintiffs' counsel agreed to extend the time for filing its removal notice and, in any event, as already indicated such an assertion would be unavailing.  *See, e.g.*, *Dial-In, Inc.,* 620 F. Supp. at 29.

**B.    AUTHORITY TO ISSUE ORDER SUA SPONTE**

The remand of cases removed to federal court is governed by 28 U.S.C. § 1447(c).  *See, e.g.*, *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).  Section 1447(c) states, in pertinent part, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Thus, remand of a removed case can be caused by jurisdictional or non-jurisdictional defects.

Non-jurisdictional defects are commonly referred to as "procedural" defects.  16 James WM. Moore et al., Moore's Federal Practice ¶ 107.41[1][c][ii][A] (3d ed. 2011) (procedural defect "refers to any defect that does not go to the question of whether the case could originally have been filed in federal district court").  Accordingly, "[a] notice of removal that is filed after the 30-day time period is procedurally defective."  *Id.,* ¶ 107.41[1][c][ii][B]; *see, e.g., Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional.").

Jurisdictionally defective cases must be remanded, including by the court *sua sponte*. *See, e.g.*, *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988) (explaining importance of rule requiring courts to notice jurisdictional defects at any time). However, there is a split in authority over whether procedurally defective cases can be remanded *sua sponte*. *Compare, e.g.*, *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (district court may *sua sponte* remand procedurally defective case), *with, e.g.*, *F.D.I.C. v. Loyd*, 955 F.2d 316, 321 (5th Cir. 1992) (district court may not *sua sponte* remand procedurally defective case). The Court is unaware of any Tenth Circuit precedent deciding this issue.

Of the courts that do not permit *sua sponte* remands, many reason that the "motion to remand" requirement in 28 U.S.C. § 1447(c) refers to a motion by a party and, therefore, prohibits the court from acting *sua sponte*–that is, on its own motion. *See, e.g.*, *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993) (holding that § 1447(c) "precludes the existence of discretion in the district court to remand for procedural defects on its own motion").

Although mindful of this contrary authority, the Court finds more persuasive the reasoning of those courts that allow *sua sponte* remands of procedurally defective cases. Because 28 U.S.C. § 1447(c)'s "motion to remand" requirement immediately precedes discussion of the thirty-day period in which the *plaintiff* must move for such relief, the Court determines that the statutory provision does not limit its own *sua sponte* actions. *See, e.g.*, *Heaney v. Costigan*, No. 09-cv-01006, 2009 WL 1605889, at *1 (D. Colo. June

8, 2009) ("[T]he Court is not persuaded that a proper reading of 28 U.S.C. § 1447(c) prevents a court from *sua sponte* remanding an action for a procedural defect . . . ."); *Averdick v. Republic Financial Services, Inc.*, 803 F. Supp. 37, 41 (E.D. Ky. 1992) ("To this court, the plain language of the statute, in referring to a 'motion to remand,' applies to the litigants but not to the court.").

The Court also agrees with Judge Krieger's reasoning in *Costigan* that prohibiting *sua sponte* remands of procedurally defective cases "fail[s] to pay due heed to the well-established proposition that removal statutes are to be strictly construed and all doubts resolved against permitting removal." 2009 WL 1605889, at *1; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

### III. CONCLUSION

Accordingly, it is ORDERED that this case is REMANDED to the District Court, City and County of Denver.

DATED:  October   06  , 2011

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge